J-S60015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RALEIGH NATHAN GRANT | |
| Appellant | No. 600 MDA 2014 |

Appeal from the Judgment of Sentence August 6, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004354-2012
CP-36-CR-0004398-2012
CP-36-CR-0004403-2012

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 14, 2015**

Raleigh Nathan Grant appeals *nunc pro tunc* from the judgment of sentence imposed on August 6, 2013, in the Lancaster County Court of Common Pleas.  Grant was sentenced to an aggregate term of 7½ to 18 years' incarceration following his guilty plea, in three separate cases, to charges of possession with intent to deliver controlled substances (PWID), and criminal use of a communication facility.[1]  On appeal, he challenges both the legality and discretionary aspects of his sentence.  For the reasons set forth below, we vacate the judgment of sentence and remand for resentencing.

_____

[1] 75 Pa.C.S. § 780-113(a)(30), and 18 Pa.C.S. § 7512, respectively.

The facts and procedural history underlying this appeal are aptly summarized by the trial court as follows:

On January 27, 2012, [Grant] delivered a quantity of cocaine and a quantity of heroin to a confidential informant. [Grant] used a cell phone to make the deal and the deal occurred in a drug-free school zone. On February 15, 2012, [Grant] delivered a quantity of cocaine to a confidential informant, again using a cell phone and in a drug-free school zone. Finally, on February 17, 2012, [Grant] again[] delivered a quantity of cocaine to a confidential informant, again completing the deal in a drug-free school zone and using a cell phone to set up the deal.

As a result of [Grant's] criminal behavior, [Grant] was charged on three docket numbers with three counts of Delivery of Cocaine, three counts of Criminal Use of a Communication Facility, and one count of Delivery of Heroin.[2] On August 6, 2013, during the course of trial, [Grant] entered an open guilty plea on all three dockets before [the trial court] and waived his pre-sentence investigation. The Court accepted his plea as knowing and voluntary.

On that same day, [Grant] proceeded to sentencing. On each docket, the Commonwealth invoked the two-year drug-free school zone mandatory minimum sentence.[3] On Docket Number 4403-2012, the Court sentenced [Grant] to two to four years of imprisonment on the count of delivery of cocaine and two to four years imprisonment on the count of delivery of heroin. The two counts were made concurrent to each other. On count 2, Criminal Use of a Communication Facility, the Court sentenced [Grant] to six months to two years of imprisonment. On Docket Number 4398-2012, the Court sentenced [Grant] to two to four years of imprisonment on the count of delivery of cocaine. On count two, Criminal Use of a Communication Facility, the Court sentenced [Grant] to six months to two years

_____

[2] The cases were later consolidated for trial.

[3] *See* 18 Pa.C.S. § 6317.

of imprisonment. On Docket Number 4354-2012, the Court sentenced [Grant] to two to four years of imprisonment on the count of delivery of cocaine. On count two, Criminal Use of a Communication Facility, the Court sentenced [Grant] to six months to two years of imprisonment. The sentences imposed at Count 1 of each of the criminal informations were set to run consecutively to each other, for a total of six to twelve years of incarceration. The sentences at Count 2 of each information were set to run consecutive to each other and consecutive to the sentences imposed on Counts 1 of each of the criminal informations, for a period of one and one half to six years of incarceration. Count 3 of docket 4403-2012 was set to run concurrently with Count 1 of docket 4403-2012. Thus, in sum, the Court sentenced [Grant] to an aggregate term of imprisonment of 7½ to 18 years.

On August 16, 2013, [Grant] filed his Motion to Modify Sentence. [Grant] argued that the Court did not fully consider mitigating factors at sentencing and that consecutive sentences are not warrant[ed] because the nature of the offenses is already factored into the guideline range and the mandatory minimum sentences as invoked by the prosecutor. The Court denied [Grant's] motion by Order of August 19, 2013. No direct appeal was filed, and [Grant] timely filed his PCRA petition on September 27, 2013. Counsel was appointed and an Amended PCRA petition was filed January 17, 2014. On March 27, 2014, the Court granted [Grant's] PCRA petition and reinstated his appellate rights. On April 3, 2014, [Grant] timely filed his Notice of Appeal.[4]

Trial Court Opinion, 4/14/2014, at 1-3 (internal footnotes omitted).

In his original appellate brief, Grant challenged only the discretionary aspects of his sentence. However, on August 29, 2014, Grant moved for a

---

[4] The same day, the trial court ordered Grant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Grant complied with the trial court's directive, and filed a concise statement on April 11, 2014.

supplemental briefing schedule so that he could address the illegality of his mandatory minimum sentence in light of this Court's decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), which was filed on August 20, 2014. By Order entered September 8, 2014, we granted the motion, and directed Grant to file a supplemental brief no later than October 8, 2014. *See* Order, 9/8/2014. Grant complied with our directive, and the Commonwealth declined to file a response. Because we conclude that Grant's legality of sentencing claim is dispositive, we will address that issue first.

In his supplemental brief, Grant contends the Section 6317 mandatory minimum two-year sentences imposed upon his convictions of PWID were unconstitutional, in light of this Court's decision in *Newman*, *supra*, applying the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013). *See* Grant's Supplemental Brief at 4-5. We agree.

In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be **submitted to the jury** and found **beyond a reasonable doubt**." *Alleyne*, 133 S.Ct. at 2155 (emphasis supplied). Following that pronouncement, an *en banc* panel of this Court, in *Newman*, concluded that *Alleyne* rendered the mandatory minimum sentencing provision of 42 Pa.C.S. § 9712.1, unconstitutional. Like the statute at issue herein, subsection (c) of Section

9712 permits the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence, *i.e.*, the defendant possessed or was in close proximity to a firearm while selling drugs, were proven **by a preponderance of the evidence**. *See* 42 Pa.C.S. § 9712.1(c). *See also* 18 Pa.C.S. § 6317(b).

The *Newman* Court vacated the judgment of sentence and remanded for resentencing without consideration of the mandatory minimum statute. The Court opined:

> Plainly, Section 9712.1 can no longer pass constitutional muster. It permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs. Under *Alleyne*, the possession of the firearm must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence. As that is not the case instantly, we are constrained to vacate appellant's sentence and remand for resentencing without regard for any mandatory minimum sentence prescribed by Section 9712.1.

*Id.* at 98.

Furthermore, the *Newman* Court rejected the Commonwealth's suggestion that the illegality of the statute could be remedied upon remand, by empanelling a jury to consider whether the Commonwealth proved, beyond a reasonable doubt, the factors necessary to impose the mandatory minimum. The Court held:

> We find that Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected. Following *Alleyne*, Subsection (a) must be regarded as the elements of the aggravated crime of possessing a firearm while trafficking drugs.

If Subsection (a) is the predicate arm of Section 9712.1, then Subsection (c) is the "enforcement" arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.

*Id.* at 101. The Court concluded that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne*. We cannot do so." *Id.* at 102.

Following the *en banc* decision in *Newman*, this Court has consistently applied the same reasoning to invalidate other mandatory minimum statutes that include similar provisions permitting the trial court to make factual determinations at sentencing under the relaxed preponderance of the evidence standard. *Commonwealth v. Cardwell*, ___ A.3d ___, 2014 PA Super 263 (November 25, 2014) (vacating mandatory minimum sentence imposed based upon amount of drugs recovered pursuant to 18 Pa.C.S. § 7508); *Commonwealth v. Fennell*, ___ A.3d ___, 2014 PA Super 261 (Pa. Super. November 21, 2014) (same); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) (vacating mandatory minimum sentence imposed pursuant to 42 Pa.C.S. §§ 9712 and 9713, for committing a crime of violence with a firearm and in or near public transportation).

Recently, in *Commonwealth v. Bizzel*, ___ A.3d ___, 2014 PA Super 267 (Pa. Super. December 2, 2014), a panel of this Court, relying on *Newman*, held that the mandatory minimum provision at issue *sub judice*, 18 Pa.C.S. § 6317, is constitutionally infirm, as well. The Court opined:

> [T]he United States Supreme Court's decision in **Alleyne** rendered Section 6317(b) unconstitutional. In the instant case, after careful review and pursuant to the rules of statutory construction set forth in 1 Pa.C.S. § 1925, we conclude that the remainder of 18 Pa.C.S. § 6317 is inseparably connected with and dependent upon the unconstitutional provision in Section 6317(b). It cannot be presumed the General Assembly would have enacted the remaining provisions without Section 6317(b), and the remaining provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent. Therefore, we are constrained to hold that 18 Pa.C.S. § 6317 is unconstitutional.

*Id.* at *4.

Accordingly, because we find the decisions in **Newman** and **Bizzel** control our decision, we are constrained to vacate the judgment of sentence, and remand for resentencing without consideration of the Section 6317 mandatory minimum. Since our disposition will result in an entirely new sentencing scheme, we need not address Grant's challenge to the discretionary aspects of his original sentence.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/2015